IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MOHAMMED REAZ SHAHEED,

                 Petitioner,

       v.

MICHAEL B. MUKASEY, United State Attorney
General, Department of Justice; ROBERT S.
MUELLER, Director, and MICHAEL A.
CANNON, Chief of National Name Check
Program, Federal Bureau of Investigation;
MICHAEL CHERTOFF, Secretary, Department of
Homeland Security, WILLIAM MCNAMEE,
Portland District Director, and EMILIO
GONZALES, Director, United States Citizenship
and Immigration Services,

                 Respondents.

CV-07-1346-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

///

///

1 - OPINION AND ORDER

## INTRODUCTION

Petitioner, Mohammed Raez Shaheed ("Shaheed"), filed a Complaint on September 11, 2007, seeking declaratory, injunctive and mandamus relief to prod respondents into adjudicating his N–400 application for naturalization which had been delayed for over three years. After ruling on the parties' cross-motions for summary judgment, this court entered a Judgment in favor of Shaheed on April 2, 2008, granting respondents 60 days to comply (docket #36). By that time, the FBI background check had been completed. Respondents did not file an appeal and, according to the Notice of Compliance, Shaheed was sworn in as a naturalized citizen on June 2, 2008 (docket #39). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 USC § 2412(d), Shaheed now seeks to recover his attorney fees and costs. For the reasons set forth below, Shaheed is awarded $13,084.97 for attorney fees and $350.00 for costs.

## DISCUSSION

I.    **EAJA**

Under the EAJA, the court may award attorney fees and costs to a plaintiff if: "(1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith,* 279 F3d 791, 792 (9th Cir 2002), citing 28 USC § 2412(d)(1)(A).

A "prevailing party" is one to whom the court has awarded some relief on the merits of at least some of his claims. *Hanrahan v. Hampton,* 446 US 754, 758 (1980). "[E]nforceable judgments on the merits and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon*

*Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,* 532 US 598, 604 (2001)
(citation omitted).

The Ninth Circuit has held "'[s]ubstantial justification' is equated with 'reasonableness'.
. . . The government's position is 'substantially justified' if it 'has a reasonable basis in law and
fact.'" *Thangaraja v. Gonzales,* 428 F3d 870, 874 (9th Cir  2005), quoting *Ramon-Sepulveda v.
INS*, 863 F2d 1458, 1459 (9th Cir 1988); *see also Al-Harbi v. INS*, 284 F3d 1080, 1085 (9th Cir
2002) ("Substantial justification in this context means justification to a degree that could satisfy
a reasonable person.").  "[I]t will be only a 'decidedly unusual case in which there is substantial
justification under the EAJA even though the agency's decision was reversed as lacking in
reasonable, substantial and probative evidence in the record.'" *Thangaraja*, 428 F3d at 874,
quoting *Al-Harbi*, 284 F3d at 1085.

Respondents do not dispute that Shaheed was the prevailing party and that the
government's position was not substantially justified.  However, they oppose Shaheed's request
for reimbursement of attorney fees at a rate greater than the statutory maximum rate prescribed
by the EAJA.  They also object to awarding postage as part of the recoverable costs.

**II.    Attorney Fees**

**A.    EAJA Hourly Rates**

Under 28 USC § 2412(d)(2)(A), *Thangaraja*, and Ninth Circuit Rule 39-1.6, the parties
agree that the maximum hourly rates under the EAJA, adjusted for increases in the cost of living,
are $166.46 for 2007 and $172.45 for 2008.  The court may not award attorney fees at rates that
exceed the statutory maximum "unless the court determines that . . . a special factor . . . justifies
a higher fee."  28 USC § 2412(d)(2)(A)).  The EAJA rate may be exceeded if:  "(1) the attorney

3 - OPINION AND ORDER

has 'distinctive knowledge or specialized skill'; (2) such knowledge and skills were necessary

for the litigation; and (3) similar knowledge and skills could not have been obtained at the

statutory rate." *Aboushaban v. Mueller*, 475 F Supp2d 943, 950 (ND Cal 2007), citing *Love v.*

*Reilly*, 924 F2d 1492, 1496 (9th Cir 1991).

### B.    Enhanced Hourly Rate

Shaheed's attorney, Michael T. Purcell, seeks attorney fees at the enhanced hourly rates

of $257.12 for 2007 and $268.04 for 2008 because of his expertise in immigration law and the

limited availability of qualified attorneys to handle this type of case.  Respondents challenge

those enhanced hourly rates on the ground that special skills or distinctive knowledge was not

necessary for this particular litigation.  They contend that the issue here is the same issue that

arises in virtually every mandamus action, namely whether respondents owed Shaheed a

mandatory, nondiscretionary duty to adjudicate his application within a certain time span and

whether that duty was breached.

In their summary judgment motions, the parties agreed on the underlying legal principles,

but disagreed as to how to balance the competing interests at stake.  Respondents explained that

the delay in adjudicating Shaheed's application was due to the FBI's delay in completing the

background security check and argued that this delay was not unreasonable, given the FBI's

backlog and Congress' unambiguous expression of intent that background checks be completed

prior to adjudication of naturalization applications.  They distinguished other cases where

mandamus relief was granted to persons seeking immigration benefits on the basis that no

background check was Congressionally mandated in those cases.  Shaheed countered primarily

by relying on a prior decision by this court in *Lazli v. USCIS*, 2007 WL 496351, *10 (D Or  Feb.

12, 2007), arguing that agency-wide burden factors were not sufficient to justify the delay, noting the absence of any explanation specific to him, and claiming prejudice due to the delay.

Although this disagreement did not present difficult issues of statutory or regulatory interpretation, it did require an expertise in immigration law.  To be effective, Mr. Purcell was required to master technical details concerning naturalization application processing beyond that possessed by most immigration lawyers in order to present extensive materials to the court, including responses to discovery requests, declarations, and relevant policies and publications.

Of approximately 100 immigration lawyers in Oregon, no more than ten regularly undertake litigation in federal court.  Declaration of Michael T. Purcell ("Purcell Decl."), pp. 3-4; Declaration of Dan R. Larrson ("Larrson Decl."), ¶ 5;  Declaration of John J. Marandas ("Marandas Decl."), ¶ 5.  Mr. Purcell is an experienced immigration lawyer with extensive knowledge of the problems related to background checks and one of the few who is willing and able to handle litigation of immigration cases in federal court.  Purcell Decl., pp. 5-6; Larrson Decl, ¶ 7; Marandas Decl., ¶ 7.  As the Ninth Circuit has noted, "a speciality in immigration law could be a special factor warranting an enhancement of the statutory rate." *Rueda-Menicucci v. INS*, 132 F3d 493, 496 (9th Cir 1997), citing *Pirus v. Bowen*, 869 F2d 536, 542 (9th Cir 1989).  Although this matter involved basic questions of mandamus relief and jurisdiction, the parties also were required to have a distinctive knowledge of immigration law.

Shaheed also has produced evidence that similar knowledge and skills could not have been obtained at the statutory rates.  Immigration lawyers from two firms have submitted declarations that they would not have accepted a case of this type at a rate equivalent to the EAJA statutory hourly rate.  Declaration of Stephen W. Manning, ¶¶ 7-8; Declaration of Jess

S.T. Maanao, ¶ 5.  Therefore, the court may award fees at a rate in excess of the maximum EAJA rates.

In *Lazli*, the court awarded attorney fees at the enhanced rate of $250 per hour for work done mostly in 2005 and 2006.  Relying on *Lazli*, the hourly rates sought by Mr. Purcell are the equivalent of $250 per hour adjusted upward for inflation by the Bureau of Labor Statistics on-line CPI inflation calculator.

Shaheed has submitted declarations of two attorneys who practice immigration law in Portland that an hourly rate of $275 would be within the reasonable range of rates charged by other lawyers with qualification and experience equivalent to Mr. Purcell for work on similar cases in the Portland area.  Larsson Decl., ¶ 6; Marandas Decl., ¶ 6.  In addition, according to the 2007 Economic Survey by the Oregon State Bar, the requested rates are within a reasonable range based on Mr. Purcell's years of practice (since 1985) and area of practice.  They are less than the average ($277) and median ($275) billing rates for attorneys admitted to practice for 21-30 years in the Portland area and between the average ($240) and 75th percentile ($294) for plaintiff's civil litigation (excluding personal injury) attorneys in the Portland area.

Based on *Lazli* and this record, the requested hourly rate for Mr. Purcell is reasonable and represents the "prevailing market rates for the kind and quality of the services furnished." 28 USC § 2412(d)(2)(A).  Accordingly, the court awards Shaheed attorney fees at the hourly rates of $257.12 for 2007 and $268.04 for 2008.

### C.    Number of Hours

Mr. Purcell expended 11.85 hours in 2007, 33.95 hours in 2008, and an additional 3.5 hours in 2008 seeking enhanced EAJA fees, for a total of 49.3 hours.  Respondents do not object

to the number of hours enumerated by Mr. Purcell.  The Court, however, has an independent

duty to review Shaheed's request for reasonableness.  *See Gates v. Deukmejian*, 987 F2d 1392,

1401 (9th Cir 1993).  Based on a review of Mr. Purcell's time records, it appears that Mr. Purcell

expended a reasonable amount of time on this matter.  Therefore, the court awards Shaheed the

sum of $13,o84.97 based on 49.3 hours.[1]

**III. Costs**

Shaheed requests costs in the sum $398.88, consisting of postage ($48.88) and the filing

fee ($350) in this matter.  Respondents object to taxation of the postage costs.

Pursuant to  28 USC § 1920, a federal court may tax specific items as costs against a

losing party pursuant to FRCP 54(d)(1):

> A judge or clerk of any court of the United States may tax as costs the
> following:
> (1)  Fees of the clerk and marshal;
> (2)  Fees of the court reporter for all or any part of the stenographic
> transcript necessarily obtained for use in the case;
> (3)  Fees and disbursements for printing and witnesses;
> (4)  Fees for exemplification and copies of papers necessarily obtained for
> use in the case;
> (5)  Docket fees under section 1923 of this title;
> (6)  Compensation for court-appointed experts, compensation of
> interpreters, and salaries, fees, expenses, and costs of special interpretation
> services under § 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in
> the judgment or decree.

The court has broad discretion to allow or to disallow a prevailing party to recoup costs

of litigation, but may not tax costs beyond those authorized by 28 USC § 1920.  *Frederick v.*

*City of Portland*, 162 FRD 139, 142 (D Or 1995).

---

[1] This sum consists of  $3,046.87 (11.85 hours x $257.12) + $9,099.96 (33.95 x $268.04) + $938.14 (3.5 x $268.04). The sum of $13,483.85 calculated by Shaheed is incorrect.

Shaheed seeks reimbursement of his postage costs because they were necessary to secure service of process by certified mail on respondents.  However, postage costs, regardless of the reason, are not recoverable under 28 USC § 1920 and "reasonably should be included in the overhead and hourly rates of counsel."  *Lazli*, 2007 WL 2156659 at *4.  Accordingly, costs are awarded in the reduced sum of $350.00

## **ORDER**

For the above reasons, Shaheed's Application for Fees Pursuant to EAJA (docket #40) is GRANTED in the sum of $13,084.97 for attorney fees and $350.00 for costs.

DATED this 24th day of July, 2008.

/s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

8 - OPINION AND ORDER